Donald G. **AUEN**, Plaintiff,

v.

Mark W. **SWEENEY**, Thomas A. Kerr, Rodney J. Krysztof, Marshall P. Cappelli, James I. DiStefano, United States of America and John Does(s) 7 thru 20, Defendants.

No. 85–CV–470.

United States District Court, N.D. New York.

March 31, 1986.

---

Donald G. Auen, pro se.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendants; Paula Ryan Conan, Asst. U.S. Atty., Syracuse, N.Y., Louis J. Lombardo, Trial Atty., Washington, D.C., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

In this action against the United States, employees of the Internal Revenue Service, and several unnamed defendants, the pro se plaintiff seeks money damages for alleged violations of constitutional rights.

The United States has moved for summary judgment and an award of costs and attorney's fees.

## I. SUMMARY JUDGMENT

Plaintiff's pleadings consist mostly of arguments that the income tax is illegal; his pleadings provide little information about the factual basis of his claims. Plaintiff does make clear, however, that the IRS has attempted to impose a tax on him and that he is the subject of an IRS criminal investigation. Complaint ¶ ¶ 3, 7, 8; Reply ¶ 7. In addition to alleging that the enforcement of the income tax laws violates his constitutional rights, plaintiff alleges that he has been selected for prosecution and harassed because he expressed to defendants his belief that the income tax is illegal. Complaint ¶ 7.

The government's memorandum of law presents abundant legal authority for granting summary judgment. Furthermore, the government has submitted the correspondence between plaintiff and the IRS from when the IRS started to investigate plaintiff for providing false information on his withholding forms. That correspondence contains no evidence that would support plaintiff's allegation of selective enforcement. *See* Declaration of Attorney Louis J. Lombardi. Finally, the plaintiff has not opposed the motion for summary judgment. Therefore, the motion is granted. *See* Fed.R.Civ.P. 56(c).

## II. COSTS AND ATTORNEY'S FEES

Federal Rule of Civil Procedure 11 provides that a court shall impose "an appropriate sanction" upon a party who has submitted a pleading, motion, or other paper "that to the best of his knowledge, information, and belief formed after reasonable inquiry" is not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The standard for deciding when sanctions are necessary is an objective standard, "reasonableness under the circumstances." In deciding what is rea-

sonable under the circumstances, the court may take into account that a party is representing himself. Notes of Advisory Committee on Rules, 1983 amendment.

The plaintiff's argument that the income tax is illegal is based on a contention that the sixteenth amendment to the Constitution was not properly ratified. This argument is frivolous and does not satisfy Rule 11's requirement of "reasonable inquiry." The fact that the plaintiff is representing himself does not change this conclusion. This was also the conclusion of 84% of the district judges who responded to a survey in which they were asked whether sanctions should be imposed on two plaintiffs, one represented by counsel and one pro se, who filed frivolous pleadings in hypothetical tax-protestor cases similar to the present case. *See* S.M. Kassin, An Empirical Study of Rule 11 Sanctions, pp. 41–42 (Federal Judicial Center 1985).

In determining what sanctions are appropriate, the court must consider three purposes that sanctions can serve. They can be imposed to compensate the party that is forced to oppose frivolous litigation; to deter frivolous litigation; and to punish parties who engage in frivolous litigation. *Id.* at 8.

The public interest in revenue collection requires compensating the government for opposing frivolous litigation by taxpayers whom the IRS investigates and prosecutes. If the government is not compensated for defending such litigation, it may put a lower value on investigating and prosecuting certain tax evaders and may choose not to pursue some who would in the absence of frivolous litigation be worth pursuing. Therefore, the court will order the plaintiff to compensate the government for its expenses in defending this lawsuit. The government is directed to submit documentation of its expenses within thirty days.

The public has an interest in deterring frivolous litigation in order to free the courts for litigants with serious disputes. When the court awards compensation to the government, the court will consider whether the award serves the purpose of deterrence as well.

If plaintiff were represented, the court could punish his attorney under its authority to supervise the legal profession. It is also permissible to punish a pro se litigant who violates Rule 11 maliciously. The information now before the court does not establish that the plaintiff acted maliciously. Rather, he appears to be using the court as a forum for his political and religious views about what the law should be. Punishing him for that would violate the first amendment. Therefore, the court will consider sanctions only for the purposes of compensating the government and deterring litigation like this.

IT IS SO ORDERED.