Melinda A. DAVIS, Plaintiff-Appellant,

v.

CARGILL, INC., Cargo Carriers, Inc., and Vessel "A" In Rem, Defendants-Appellees.

No. 86–3146

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 4, 1986.

Michael C. Palmintier, Baton Rouge, La., for plaintiff-appellant.

W. Arthur Abercrombie, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for defendants-appellees.

Before GEE, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Melinda Davis appeals the district court's entry of summary judgment on her claim brought under 33 U.S.C. § 905(b).[1] Davis was injured while working for Cargo Carriers, Inc., as a longshore worker.[2] The ba-

---

1. The district court granted the defendants' motion for summary judgment on Davis' initial claim based on the Jones Act. Davis was allowed to amend her complaint to assert a section 905(b) claim. She did so and the court again granted summary judgment.

2. At the time of Davis's accident, section 905(b) of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), read in its entirety:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. *If such person was employed by the vessel to provide shipbuilding or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services to the vessel.* The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under the chapter. (Emphasis added.)

In 1984, this section was amended and the following provision was substituted for the italicized sentence above:

sis for the district court's grant of summary judgment was its conclusion that Davis was not injured while working on a "vessel" within the meaning of section 905(b). We affirm.

Davis' work place was a surplus dry cargo barge that had been converted to a platform to which vessels were moored for painting and sandblasting. The platform floated on the water but was anchored to the riverbed and equipped with a permanently attached landing extension. Other modifications had also been made, including the cutting of a door into the hull and installation of sandtanks and air compressors in the hull. The platform is moved only to accommodate the changing tide of the river.

The plaintiff relies on *Hall v. Hvide Hull No. 3*, 746 F.2d 294 (5th Cir.1984), in which we held that an incomplete hull that had been launched and, although moored to the shore, was afloat in navigable water was a vessel within the meaning of section 905(b). *Id.* at 299. *Hall*, however, cannot be viewed as overruling previous case law from this circuit wherein we have "clearly embraced the proposition that, as a matter of law, a floating dry dock is not a vessel *when it is moored and in use as a dry dock.*" *Keller v. Dravo Corp.*, 441 F.2d 1239, 1244 (5th Cir.1971), *cert. denied*, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972). *See also Chahoc v. Hunt Shipyard*, 431 F.2d 576, 577 (5th Cir.1970), *cert. denied*, 401 U.S. 982, 91 S.Ct. 1198, 28 L.Ed.2d 333 (1971); *Atkins v. Greenville Shipbuilding Corp.*, 411 F.2d 279, 282–83 (5th Cir.), *cert. denied*, 396 U.S. 846, 90 S.Ct. 105, 24 L.Ed.2d 96 (1969). In *Atkins*, we noted that in *Cope v. Vallette Dry-Dock Co.*, 119 U.S. 625, 7 S.Ct. 336, 30 L.Ed. 501 (1887), the Supreme Court in determining whether a dry dock was a vessel for purposes of salvage stated: "A fixed structure, such as this drydock is, not used for the purpose of navigation, is not a subject of salvage service, any more than is a wharf or a warehouse when projecting into or upon the water." *Atkins*, 411 F.2d at 283 (quoting *Cope*, 119 U.S. at 627, 7 S.Ct. at 337).

Although the plaintiff was injured while on a work platform and not a dry dock, the similarities between the two compel our holding that this platform, like a moored dry dock used for that purpose, is not a vessel within the meaning of section 905(b). According to affidavits submitted to the district court by the defendants, the platform was originally a navigable surplus dry cargo barge. It has since been converted for use as a permanently moored platform from which painting and sandblasting services are provided to barges and is no longer designed or used for navigation. The platform is anchored to the riverbed, and is moved only once or twice a year to compensate for tide changes, and even then, according to Davis' brief, cannot be moved without the assistance of motorized vessels. The district court therefore properly granted summary judgment in favor of the defendants on the ground that the work platform on which the plaintiff was injured was not a "vessel" within the meaning of section 905(b).

For the reasons stated herein, the judgment of the district court is

AFFIRMED.

If such person was employed to provide shipbuilding, repairing, or breaking services and such persons's employer was the owner, owner pro hac vice, agent, operator or charterer of the vessel, no such action shall be permitted, in whole or in part or directly or indirectly, against the injured persons' employer (in any capacity, including as the vessel's owner, owner pro hac vice, agent, operator, or char- terer) or against the employees of the employer.

The 1984 amendment to section 905(b) is applicable only to injuries occurring after September 28, 1984, and hence does not itself preclude Davis' claim against her employer as the vessel owner. LHWCA Amendments of 1984, Pub.L. No. 98–426, § 5(b), 98 Stat. 1639, 1641.