**Carlton Zachary STEWART, Plaintiff,**

**v.**

**Commissioner McMICKENS, Department of New York City Correctional Services, the City of New York, Driver of the Correctional Bus, Badge # 2815, Defendants.**

**No. 85 Civ. 6265 (CSH).**

United States District Court,
S.D. New York.

Jan. 20, 1988.

## MEMORANDUM OPINION
## AND ORDER

HAIGHT, District Judge:

Plaintiff in this § 1983 civil rights action is a prisoner incarcerated at the Woodbourne Correctional Facility and appears *pro se.* He now moves for appointment of counsel, for adjournment of the discovery cut-off date set in this Court's initial scheduling order, and for leave to amend his complaint. Defendants do not oppose any of the present motions.

*Motion for Appointment of Counsel*

Plaintiff moves for appointment of counsel, apparently under the authority granted this Court by 28 U.S.C. § 1915(d), which provides: [1]

---

**1.** Plaintiff's motion for appointment of counsel refers to 18 U.S.C. § 3006A(g), which empowers the court to appoint counsel for *habeas corpus* petitioners. Plaintiff's complaint, however, is based on 42 U.S.C. § 1983, and does not seek *habeas* relief. *See generally Doherty v. United*

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Plaintiff alleges in his complaint that he sustained serious injury to his back when a Corrections Department Bus seat cushion slid off its supporting bars while he was being transferred from "Manhattan Court to Riker's Island." Complaint ¶ IV–B. I infer from the complaint that plaintiff was sitting on the cushion at the time. The accident occurred "as a result of excessive speeding, no screws in the seat cushion, and a general lack of concern by the correctional officer operating the transportation vehicle." *Id.* The complaint further alleges that "the correctional department ... purposely delayed any positive action on [plaintiff's] behalf." *Id.*

Furthermore, in his motion to amend the complaint, plaintiff seeks to allege that "for many years it has been the customary practice of the Department of Corrections at Riker's Island to consistently transport their inmates in buses in which many of the bottom seat cushions are not attached to the supporting bars in any way, shape or form." This custom and practice, plaintiff alleges, constitutes gross negligence and evidences a deliberate indifference to the safety of inmates in the care and custody of the Department of Corrections.

In *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986), the Court of Appeals indicated that a district judge faced with an application for appointment of counsel

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any

specific reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62.

With all due respect, there is a schizophrenic quality to the Second Circuit's discussion in *Hodge.* District judges are cautioned that although they have "[b]road discretion" in respect of appointing counsel, "that does not mean that a court can do whatever it pleases." 802 F.2d at 60. On the other hand, *pro se* litigants are cautioned that "[i]f mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming." *Ibid.* Presumably the Second Circuit would not welcome that development. "If, however," *Hodge* continues, "the indigent appears to have some chance of success", additional factors should be considered. *Id.* at 60–61. Then the court identifies as the threshold question "whether the indigent's position seems likely to be of substance." *Id.* at 61. *Quaere* whether "some chance of success" is the equivalent of "likely to be of substance." Arguably the latter standard is more demanding. The court then goes on to list factors each of which point in the direction of appointing counsel, which, in the words of one careful study "could be construed to direct that an attorney be appointed in virtually *every* case." *New York State Bar Association, Committee on Federal Courts, Sub–Committee on Pro Se Litigation,* dated October 8, 1987 at 10 (emphasis in original).

■ I agree with the Bar Association Committee that the Second Circuit could not have intended such a result, "which would overwhelm the system's capability to obtain assigned counsel." *Ibid.* I endorse the view which the Committee's "informal survey" ascribes to "most judges", namely, that *Hodge* mandates appointment of counsel "only where the individualized assessment suggests that an apparently legit-

*States* 404 U.S. 28, 29–36, 92 S.Ct. 175, 176–179, 30 L.Ed.2d 209 (1971) (Douglas, J., concurring).

Accordingly, I construe the motion as being brought under § 1915.

imate case cannot proceed without the assistance of an attorney." *Id.* at 11.

To which I add that the legitimacy of the case must be apparent from the face of the pleading. A *pro se* pleading must, of course, be read with traditional lenity; but it is not expecting too much even of a lay pleader to allege, however inarticulately, a factually sufficient predicate for his claims.

■ Thus interpreting *Hodge,* I conclude that neither plaintiff's present complaint nor his proposed amended complaint justify appointment of counsel at the present time.

Plaintiff's allegations of how his injury came about do not rise above the level of negligence, which is not actionable under § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 667 and n. 3, 88 L.Ed.2d 662 (1986). Plaintiff alleges further that the correctional authorities "purposely delayed positive action" on his behalf. This may be intended to plead a constitutional claim. *See Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (Eighth Amendment is violated by deliberate indifference which causes denial of essential medical care). But if that is plaintiff's intent, he must plead that theory explicitly and in greater detail.

The proposed amended complaint recites in conclusory form that for many years it has been the Department of Correction's practice to transport inmates in buses where the bottom seat cushions are not properly attached. Plaintiff must allege some specific facts to underlie that conclusory charge. Such a customary practice, if pleaded and proved, could arguably constitute recklessness or gross negligence, theories of recovery whose availability in § 1983 actions the Supreme Court left open in *Daniels v. Williams, supra,* at 667 n. 3. But Rule 11's requirement that a pleading be preceded by "reasonable inquiry" into whether "it is well grounded in fact" applies to *pro se* pleaders as well as to counsel, *Auen v. Sweeney,* 109 F.R.D. 678 (N.D. N.Y.1986); and even *pro se* complaints in civil rights actions are insufficient when they do no more than "state simple conclusions." *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976).

Accordingly I deny plaintiff's application for the appointment of counsel at this time. Plaintiff is granted leave to file and serve an amended complaint, within sixty (60) days of the date of this order. That amended complaint, to be legally sufficient, must contain the sort of specific detail described above. The times specified in the initial scheduling order are enlarged indefinitely. Assignment of counsel will be further considered if and when an amended complaint is filed.

In the interim, the Clerk of the Court is directed to place the case on the suspense calendar.

It is SO ORDERED.