**Wilburt J. RICHTER, Plaintiff,**

v.

**The STATE OF NEW YORK and the City of New York, Defendants.**

**No. 88 Civ. 5856(RO).**

United States District Court, S.D. New York.

Jan. 18, 1989.

Wilburt J. Richter, Bronx, N.Y., pro se.

Charles C. Davis, Jr., Asst. Atty. Gen. for State of N.Y., New York City, for defendant State of N.Y.

Pearl Zuchlewski, Asst. Corp. Counsel of City of New York, New York City, for defendant City of New York.

---

1. At the time of his arrest, plaintiff was found in possession of cocaine and an unlicensed handgun. In a separate action, plaintiff challenges

## MEMORANDUM AND ORDER

OWEN, District Judge:

Plaintiff *pro se* Wilburt Richter sues the City and the State of New York, seeking to have the mass transit fares in New York City declared unconstitutional. According to the plaintiff, who was arrested for turnstile jumping,[1] the fares are unconstitutionally high because the Transit Workers Union unlawfully went on strike, and thereby coerced the City into collective bargaining agreements that ultimately led to higher fares. Although many New Yorkers would agree that transit fares are rather steep, plaintiff's constitutional argument will not get him where he wants to go. The Constitution simply does not reach such areas of governmental action, absent an overriding concern for certain protected individual rights. *See Reiner v. West Village Associates*, 768 F.2d 31, 34 (2d Cir.1985) (due process rights of low income tenants not implicated by state agency's granting owners the right to increase rents). Plaintiff's assertion of a constitutionally protected interest in the subway fare is totally off track.

Therefore, taking all of plaintiff's allegations as true, and viewing them most favorably as required by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff has failed to state a claim upon which relief may be granted. *See, e.g., Bourgeois v. Hongisto*, 488 F.Supp. 304 (S.D.N.Y.1980). Furthermore, I find plaintiff's claim so frivolous that it violates Rule 11, and makes appropriate an award of attorneys fees to the City. *See Davis v. Cargill, Inc.*, 808 F.2d 361 (5th Cir.1986); *Auen v. Sweeney*, 109 F.R.D. 678 (N.D.N.Y.1986) (*pro se* litigant's frivolous constitutional challenge of the Internal Revenue Code justifies repayment of taxpayers for costs of defense); *see also, In Re Martin–Trigona*, 737 F.2d 1254 (2d Cir.1984). Plaintiff simply may not have a free ride for repeated constitutional railing, which crowds the court's docket and costs the

the constitutionality of gun control. 87 Civ. 1856 (JMW).

taxpayers a whole lot of tokens. The action is dismissed and the issue of attorneys fees is referred to a magistrate to hear and report.

So ordered.