Frances POSNER and Sari
Posner, Plaintiffs,

v.

MINNESOTA MINING & MANUFAC-
TURING CO., INC. a/k/a 3M
Co., Defendant.

No. 87 CV 4067.

United States District Court,
E.D. New York.

May 19, 1989.

Frances Posner and Sari Posner, pro se.

Joseph H. Lessem, Cowan, Liebowitz & Latman, P.C., New York City, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In this action based on diversity of citizenship, 28 U.S.C. § 1332(a), defendant moves to dismiss the amended complaint for failure to state a claim. Fed.R.Civ.P. 12(b)(6). Defendant also makes the now obligatory application for sanctions under Fed.R.Civ.P. 11.

## FACTS

### 1. *The Amended Complaint*

Assuming all allegations in the amended complaint are true, the facts are as follows. For purposes of diversity jurisdiction, plaintiffs, Frances and Sari Posner, are New York citizens and defendant, Minnesota Mining and Manufacturing Co. ("3M") is a Minnesota corporation with its principal place of business in a state other than New York. The amount in controversy exceeds $10,000. The plaintiffs appear *pro se*.

Richard Posner, the father of plaintiff Sari Posner and then husband of plaintiff

Frances Posner, owned and worked for Plastronics, Inc. ("Plastronics") from 1982 to 1984. In 1982, defendant contracted with Plastronics whereby Plastronics agreed to import intercoms for distribution by 3M. The defendant, through its representative Donald Conlin, spoke with plaintiffs on the telephone and in person at various times during the period from 1982 to 1984. Through these efforts, defendant encouraged plaintiffs to fund Plastronics, which was a new corporation.

During these conversations and meetings, Mr. Conlin orally assured plaintiffs that defendant would guarantee any funds plaintiffs lent to Plastronics. Additionally, Mr. Conlin assured plaintiffs that, if necessary, 3M would assist Plastronics with supplemental funding. Mr. Conlin also indicated that 3M would order sufficient merchandise to keep Plastronics operating successfully.

As a result of those statements, each plaintiff lent $10,000 to Plastronics. Defendant, however, never supplied Plastronics additional funding and subsequently, Plastronics became insolvent and ceased doing business.

The loans by plaintiffs to Plastronics remain unpaid.

Both counts of the amended complaint allege breach of contract by defendant. Count I demands $20,000 in damages representing the loans made by plaintiffs. Count II demands $150,000 representing Richard Posner's lost income for the 1982–1984 period.[1]

### 2. *Procedural Background*

In December 1987, plaintiffs Frances and Sari Posner brought the instant action alleging fraud by 3M. Defendant moved to dismiss the complaint for failure to plead fraud with particularity. The motion was granted but plaintiffs were given leave to replead, 697 F.Supp. 122 (E.D.N.Y.1988). Plaintiffs then served an amended complaint switching from fraud to breach of contract. Defendant moves to dismiss the

amended complaint on three grounds: 1) the amended complaint fails to state a claim for which relief may be granted; 2) the breach of contract claim is barred by the New York Statute of Frauds; and 3) plaintiffs claim damages that are not recoverable in an action for breach of contract.

Defendant also moves for sanctions under Fed.R.Civ.P. 11, asserting that this action is frivolous and has been brought solely for harassment.

## DISCUSSION

The key elements for a breach of contract claim are: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. *See Stratton Group Ltd. v. Sprayregen*, 458 F.Supp. 1216 (S.D.N.Y.1978). It is not necessary for each factor to be pleaded individually so long as plaintiff has submitted "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a)(2). *See Nordic Bank PLC v. Trend Group, Ltd.*, 619 F.Supp. 542, 561 (S.D.N.Y.1985).

However, in asserting a breach of contract claim, the complaint must plead the terms of the agreement upon which defendant's liability rests. *See id.* at 561–62; *Chrysler Capital Corporation v. Hilltop Egg Farms, Inc.*, 129 A.D.2d 927, 929, 514 N.Y.S.2d 1002, 1003 (3rd Dep't 1987).

■ Plaintiffs' amended complaint fails to meet these criteria. Plaintiffs' amended complaint refers to an oral suretyship agreement with defendant. Plaintiffs claim that defendant's assurances induced them to lend money to Plastronics and that this conduct resulted in a contract between the parties. Although the existence of a contract is alleged, plaintiffs fail to set forth any specific information as to when the agreement was made, the terms of the agreement upon which liability is predicated, or any other evidence supporting the formation of an agreement. Consequently,

---

**1.** In 1986, Richard Posner sued 3M for fraud in this Courthouse. The case was settled in February 1987 for $32,500. Richard Posner discontinued his lawsuit with prejudice and released 3M from all claims that were or might have been brought in that action.

plaintiffs complaint fails to adequately state a claim upon which relief may be granted.

Because plaintiffs appear *pro se*, however, their complaint may be viewed with greater leniency than pleadings drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Nonetheless, this is the second time plaintiffs have filed their complaint. In an order dated September 16, 1988, this Court granted plaintiffs leave to amend their original complaint. At that time, plaintiffs were advised that the Court would not tolerate further vague and conclusory pleadings. It is obvious that plaintiffs did not follow this instruction. Consequently, they have once again failed to state a valid claim before this Court.

■ Furthermore, even if plaintiffs were again granted leave to amend the complaint, this claim for breach of contract would not survive. The alleged agreement fails to satisfy the Statute of Frauds. New York Gen.Oblig.Law § 5–701(a)(2) (McKinney 1989).[2]

Based on the facts set forth in plaintiffs' complaint, the agreement was that defendant would guaranty repayment of the loans made by plaintiffs to Plastronics. As such, the agreement was squarely within the ambit of § 5–701(a)(2) and thus a writing was required. In the present case, the alleged agreement was oral. Consequently, unless circumstances are such that the agreement falls within one of the exceptions to the rule, the agreement is void by virtue of the Statute of Frauds.

A guarantee or surety agreement need not be in writing if "the promisee had no reason to know that the promisor was acting as a surety, or when the duties of the principal and surety are joint, or where the promise is made to the principal." *Martin Roofing, Inc. v. Goldstein*, 60 N.Y.2d 262, 264, 457 N.E.2d 700, 701, 469 N.Y.S.2d 595,

596 (1983). None of these exceptions apply here.

Plaintiffs acknowledge defendant's role as surety. In paragraphs 4 and 8 of the complaint, plaintiffs state that defendant was to guarantee the funds lent to Plastronics, the principal. Thus, it is clear that Plastronics and not the defendant, was the primary debtor. Furthermore, there is no indication that Plastronics and defendant's duties were joint, nor is there an indication that defendant promised Plastronics that it would assume the debt as its own.

Finally, an oral suretyship agreement may be enforceable under the Statute of Frauds if plaintiffs can show that the promise is supported by new consideration and represents an independent duty to pay. *See Martin Roofing*, 60 N.Y.2d at 267, 457 N.E.2d at 703, 469 N.Y.S.2d at 597. In order to create the promisor's independent duty to pay, the original debtor's obligation must be excused. *See Hawley Fuel Coalmart, Inc. v. Steag Handel GMBH*, 796 F.2d 29 (2d Cir.1986).

In this case, plaintiffs have not alleged that Plastronics' debt to them has been discharged. Consequently, defendants have not become the primary debtor. Therefore, the agreement does not come within this or any of the other exceptions to the Statute of Frauds.

■ Turning now to plaintiffs' claim for lost earnings by Richard Posner for the 1982 to 1984 period. Plaintiffs' amended complaint asserts that as a direct result of 3M's breach of contract, "the household of the plaintiffs was deprived of the income of Richard Posner." Amended Complaint ¶ 11.

Damages for the breach of a contract are recoverable if they are reasonably certain and directly traceable to the alleged breach. *See Kenford Co. v. County of Erie*, 67 N.Y.2d 257, 261, 493 N.E.2d 234, 235, 502 N.Y.S.2d 131, 132 (1986). In addition, the particular damages must have been within the contemplation of the par-

---

**2.** Section 5–701(a)(2) of the New York General Obligations Law provides that:

Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the

party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking is a special promise to answer for the debt, default or miscarriage of another person.

ties at the time the contract was made. *See id.*

The alleged contract provided that 3M would guarantee repayment of plaintiffs' loans to Plastronics. The additional alleged statements by 3M—that 3M would provide additional funding to Plastronics and would purchase Plastronics merchandise—clearly were not intended to insure that Richard Posner would be employed. Rather, these statements, in context, simply assured plaintiffs that Plastronics would remain sound and capable of repaying its debts.

The Court holds, as a matter of law, that the damages sought were not contemplated when the contract was formed and did not flow from the breach of the guarantee contract.

For the foregoing reasons, defendant's motion to dismiss the complaint is granted.

Defendant's motion for sanctions under Fed.R.Civ.P. 11, however, is denied.

■ An objective standard of reasonableness is used when considering whether or not to impose Rule 11 sanctions. When a party appears *pro se*, it must be factored into the reasonableness standard. *See Auen v. Sweeney*, 109 F.R.D. 678 (N.D.N.Y.1986). Rule 11 requires that before a pleading is filed, a reasonable inquiry as to whether a claim exists, must be made. *See Stewart v. McMickens*, 677 F.Supp. 226 (S.D.N.Y.1988).

Although plaintiffs failed to state a claim for which relief may be granted, a reasonable investigation has been made. Plaintiffs' complaint, although inartful, does reflect an attempt to investigate the claim to the best of their abilities. Imposition of Rule 11 sanctions is not warranted.

### CONCLUSION

For the foregoing reasons, the amended complaint is dismissed and the motion for sanctions under Fed.R.Civ.P. 11 is denied.

SO ORDERED.