ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF’S MOTION TO ALTER AND AMEND FINAL JUDGMENT AND PLAINTIFF’S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, and DENYING BOTH PLAINTIFF’S MOTION FOR NEW TRIAL AND DEFENDANT’S MOTION FOR SANCTIONS
 

 KENT, District Judge.
 

 Plaintiff Hall originally brought this action against Defendant Environmental Chemical Corp. for personal injuries arising under the Jones Act and general maritime law. In an order issued February 24, 2000, the Court granted Defendant’s Motion for Summary Judgment and entered Final Judgment, thereby disposing of Plaintiffs Jones Act and general maritime law claims. Now before the Court are the following motions: Plaintiffs Motion for Leave to File an Amended Complaint, Plaintiff’s Motion to Alter and Amend Final Judgment, and Plaintiffs Motion for New Trial, all filed on March 1, 2000; and Defendant’s Motion for Sanctions, filed March 8, 2000. For the reasons stated below, Plaintiffs Motion to Alter and Amend Final Judgment and Plaintiffs Motion for Leave to File an Amended Complaint are DENIED IN PART and GRANTED IN PART, and Plaintiffs Motion for New Trial and Defendant’s Motion for Sanctions are both DENIED.
 

 A.
 
 Plaintiffs Motion to Alter and Amend Final Judgment Motion, Motion for Leave to File Amended Complaint, and Motion for New Trial
 

 In his motion, Plaintiff requests that the Court amend its previously entered Final Judgment and grant Plaintiff a new trial to pursue claims under Section 905(b) of the Longshore and Harbor Worker’s Compensation Act (“LHWCA”). Plaintiff now also seeks relief under
 
 Kermarec v. Compagnie Generale Transatlantique,
 
 358 U.S. 625, 632, 79 S.Ct. 406, 410-11, 3 L.Ed.2d 550 (1959), and its progeny for Defendant’s failure to exercise ordinary care. The Court will address each basis for relief in turn.
 

 1.
 
 Relief Under Section, 905(b) of the LHWCA
 

 To recover under Section 905(b) of the LHWCA, Plaintiff must prove that he sustained an injury caused by the negligence of a vessel.
 
 See Rosetti v. Avondale
 
 
 *796
 

 Shipyards, Inc.,
 
 821 F.2d 1083 (5th Cir. 1987). In this case, the Court has already held that the craft upon which Plaintiff allegedly sustained his injuries was, as a matter of law, “a nonvessel for the purposes of the Jones Act.”
 
 Order Granting Def.’s Mot. for Summ. J. at 8.
 
 Using an end-round maneuver, Plaintiff now argues that the PACIFIC was a vessel for Section 905(b) purposes. To support his pqsition, Plaintiff relies on the definition of vessel set forth in Title 1 of the United States Code, Section 3, which includes “every watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water.” 1 U.S.C. § 3. Had this definition stood as the only yardstick for determining the meaning of the term “vessel” as used in the LHWCA, Plaintiffs position may be sustainable. However, the Fifth Circuit has handed down several cases in which it has held that for purposes of Section 905(b) anchored work platforms are not vessels.
 
 See, e.g., Ducrepont v. Baton Rouge Marine Enter.,
 
 877 F.2d 393, 396 (5th Cir. 1989) (holding that, as a matter of law, a barge is not a Section 905(b) vessel when it is firmly moored to shore, seldom moved, not used for navigation, and in use as a dry dock or stationary work platform);
 
 Davis v. Cargill, Inc.,
 
 808 F.2d 361, 362 (5th Cir.1986) (“[A]s a matter of law, a floating dry dock is not a vessel [for purposes of Section 905(b) ] when it is moored and in use as a dry dock.”);
 
 see also, e.g., Holi-field v. Great Lakes Dredge & Dock Co.,
 
 No. CIV-A-92-1935, 1993 WL 370831, at *2 (E.D.La. Sept.15,1993).
 

 The similarities between these cases and the instant case are clear. The craft in this case, like the platforms in
 
 Davis
 
 and
 
 Ducrepont,
 
 was originally a navigable barge. All were moored to the shore at the time of the accidents, were not used for navigation, were seldom moved, and when moved required the assistance of a motorized vessel. In each case, the barges functioned primarily as a work platform and any transportation function they performed was merely incidental to their primary function as a non-vessel work platform/quarterboat. Therefore, according to applicable Fifth Circuit case law, it is clear that the PACIFIC was not a vessel within the meaning of Section 905(b).
 

 The Court is bound to this conclusion for another reason. In
 
 Richendollar v. Diamond M Drilling Co.,
 
 819 F.2d 124 (5th Cir.1987), the Fifth Circuit has held that “in order for a waterborne structure to qualify as a ‘vessel’ under § 905(b), it must be a vessel for purposes of maritime jurisdiction.”
 
 Id.
 
 at 125. As this Court made clear when it previously granted Defendant’s Motion for Summary Judgment, the craft in this case is not a vessel under general maritime law. Consequently, the decision in
 
 Richendollar
 
 provides a second basis from which the Court may conclude that the PACIFIC cannot be a vessel for purposes of Section 905(b). Accordingly, as to claims based on Section 905(b) of the LHWCA, Plaintiffs Motion for New Trial as well as his Motion for Leave to File Amended Complaint and his Motion to Alter and Amend Final Judgment are all DENIED.
 
 See Verhein v. South Bend Lathe, Inc.,
 
 598 F.2d 1061, 1063 (7th Cir. 1979) (noting that the Court “may deny leave to amend where the proposed amendment fails to allege facts which could support a valid theory of liability”).
 

 2.
 
 Relief for Negligence Under Kerma-rec
 

 While Plaintiff cannot seek relief under the Jones Act, general maritime law, or the LHWCA, one avenue remains available. The Court noted in its earlier opinion that “[wjhile this ruling disposes on the merits all claims now before the Court, Plaintiff is reminded that a viable cause of action for negligence may exist based on Defendant’s duty to exercise reasonable care under the circumstances.”
 
 Order Granting Def.’s Mot. for Summ. J. at 9
 
 (citing
 
 Kermarec,
 
 358 U.S. at 632, 79 S.Ct. at 410-11). The Court maintains that such
 
 *797
 
 a cause of action may ultimately prove successful given the factual underpinnings of this case. Because Rule 15(a) of the Federal Rules of Civil Procedure requires the Court to allow amendments “freely ... when justice so requires,” the Court finds it advantageous in this case to allow Plaintiff to amend his complaint so as to clearly set forth a viable cause of action. Consequently, with respect to the negligence claims, Plaintiffs Motion to Alter and Amend Judgment and Plaintiffs Motion for Leave to File an Amended Complaint are both GRANTED. Accordingly, the Final Judgment entered on February 24, 2000 in this case is hereby ALTERED and AMENDED to be a PARTIAL SUMMARY JUDGMENT, subject to the following: (1) Plaintiff has leave to file a First Amended Complaint WITHIN 20 DAYS of the date of this Order, and (2) in amending his complaint, Plaintiff is limited to adding a cause of action based only on negligence; he MAY NOT state ANY claims arising from the Jones Act, general maritime law, or the LHWCA. Given that the Court has converted its previously entered Final Judgment into a Partial Summary Judgment, Plaintiffs Motion for New Trial is DENIED as moot.
 

 B.
 
 Defendant’s Motion for Sanctions
 

 In a separate motion, Defendant avers that it should be awarded court costs and attorney’s fees related to the postjudgment actions undertaken by Plaintiff, because Plaintiff filed his motions despite the Court’s admonition to the parties in its earlier Order that the parties are not to file further “pleadings, motions to reconsider and the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions.” While the Court recognizes the costs Defendant incurred in responding to Plaintiffs motions, the Court remains mindful that its Order did, in fact, highlight to Plaintiff that a possible cause of action may rest under a general negligence theory. Because Plaintiffs Motions addressed claims brought under
 
 Kemarec
 
 and its progeny, the Court does not find good cause to impose sanctions on any party at this time. Accordingly, Defendant’s Motion for Sanctions is DENIED. Instead, each party will continue to bear its own costs and attorney’s fees.
 

 CONCLUSION
 

 After carefully considering all motions on file, the Court amends the Order previously entered in this case on February 24, 2000 by changing its designation from a Final Judgment to a PARTIAL SUMMARY JUDGMENT. As a result, Plaintiffs Motion for Leave to File a First Amended Complaint is GRANTED, but Plaintiff may only add a cause of action arising from negligence. All claims based on the Jones Act, general maritime law, and the LHWCA are specifically excluded. Finally, because Plaintiff had a proper basis for filing a Motion to Alter and Amend Judgment, Defendant’s Motion for Sanctions is hereby DENIED.
 

 Now that the proper basis for liability has finally been etched in stone, the Court
 
 strongly
 
 admonishes the parties to earnestly consider the possibilities for settlement of this case. To facilitate this process, the Court ORDERS all counsel of record, Plaintiff, and a representative from Defendant who has full authority to settle the case to appear before the Court on Friday, May 12, 2000 at 10:30 a.m. to attend a Settlement Conference.
 

 IT IS SO ORDERED.