11-3045-cv
Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

Present:
 ROBERT A. KATZMANN,
 GERARD E. LYNCH,
 DENNY CHIN,
  *Circuit Judges*.
_____

VALLEY LANE INDUSTRIES COMPANY,

 *Plaintiff-Appellant*,

 v.                                              No.  11-3045-cv

VICTORIA'S SECRET DIRECT BRAND MANAGEMENT, L.L.C.,

 *Defendant-Appellee.*
_____

For Plaintiff-Appellant:          NEAL BRICKMAN, Law Office of Neal Brickman, New York, N.Y.

For Defendant-Appellee:          STEPHEN F. HARMON (Matthew J. Aaronson, Arielle Moskowitz, *on the brief*), Troutman Sanders LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Valley Lane Industries Company ("Valley Lane") appeals from the July 20, 2011 judgment of the district court, granting the motion of Defendant-Appellee Victoria's Secret Direct Brand Management, L.L.C. ("Victoria's Secret") to dismiss the complaint in its entirety and denying Valley Lane's cross-motion for leave to amend its complaint as futile. On appeal, Valley Lane contends that the district court erred by misapplying the pleading standard and dismissing its claims for tortious interference with contract, tortious interference with business relations, and tortious interference with prospective economic advantage. In the alternative, Valley Lane argues that the district court erred by denying it the opportunity to amend its complaint. We assume the parties' familiarity with the facts and procedural history of this case.

We review *de novo* a district court's grant of a motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). In order to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

Turning first to Valley Lane's contention that the district court erred in dismissing its claim for tortious interference with contract, under New York law, "[t]ortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 424 (1996). We conclude that the district court properly dismissed this claim without granting leave to amend because neither the complaint nor the proposed amended complaint sufficiently alleges the existence of a binding contract between Valley Lane and third party Yardly Leather Co. Ltd. ("Yardly"). While the original complaint alleges that Valley Lane "had a long-standing agreement with Yardly to produce shoes for Defendant and other customers," J.A. 23, this allegation alone is insufficient to plausibly plead the existence of a contractual relationship. And while the complaint also alleges that Valley Lane "asked Yardly to reaffirm the long-running production partnership by accepting an Exclusive Supply Agreement," J.A. 14, it nowhere alleges that this offer was ever accepted by Yardly.

In an effort to cure deficiencies in the original complaint, the proposed amended complaint alleges that "[t]he long-standing overarching contract with Yardly was that it would produce whatever shoes Valley Lane ordered for Defendant and other customers" and that this "contract has been renewed by Yardly's performance season-after-season, year-after-year, for twenty-five years." J.A. 62.[1] Without providing additional factual allegations regarding, *inter*

---

[1] Valley Lane's allegation suggests that pursuant to the "overarching contract" between Valley Lane and Yardly, Yardly must, apparently in perpetuity, fulfill every order it receives from Valley Lane, regardless of price, and also suggests that while Yardly is obligated to fulfill

3

*alia*, the formation of the contract, the date it took place, and the contract's major terms, the proposed amended complaint similarly fails to sufficiently plead the existence of a contract. *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202-03 (S.D.N.Y. 2008) (dismissing a breach of contract counterclaim where the plaintiff failed to allege any of the elements of a contract). We further note that Valley Lane nowhere alleges that this "overarching contract" was ever put in writing. While Valley Lane argues that contracts need not be in writing, New York's Statute of Frauds provides that "a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indication that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." N.Y. U.C.C. § 2-201(1) (McKinney 2001). Since Valley Lane alleges the existence of a long-standing agreement covering millions of dollars in shoes, an oral contract would not suffice.

In addition to alleging the existence of an overarching contract, the proposed amended complaint alleges that each order placed by Valley Lane was backed by an individual contract. Specifically, the proposed amended complaint alleges that since January 6, 1999, Valley Lane ordered 3,898,334 pairs of shoes from Yardly for delivery to Victoria's Secret and "[e]very order [was] backed by an individual contract – approximately 2,907." J.A. 45. Of course, as noted by the district court, even assuming that the orders were backed by individual contracts, it would be "unreasonable to assert that Victoria's Secret somehow 'interfered' with individual contracts that were already discharged." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, No. 10 Civ. 5989 (GBD), 2011 WL 3279061, at *3 (S.D.N.Y. July 19, 2011); *see also*

orders from Valley Lane, Valley Lane is not obligated to place any orders with Yardly.

4

*Premium Mortg. Corp. v. Equifax Info. Servs., LLC*, 583 F.3d 103, 107 n.3 (2d Cir. 2009) (per curiam) (a tortious interference claim "is, as its name indicates, a tort that encompasses interfering with an existing contract"). Thus, to establish a tortious interference with contract claim, Valley Lane would have to sufficiently allege the existence of individual contracts that were not discharged. While the proposed amended complaint alleges that "three contracts—all known to the Defendant ([Victoria's Secret] Purchase Order # 571314, 571317, 571328)—were not filled because of Defendant's concerted efforts to get Yardly to become a factory direct supplier," J.A. 51, this allegation is insufficient to demonstrate the existence of individual contracts. Specifically, although this allegation suggests that Victoria's Secret placed three orders with Valley Lane, it does not suggest that Valley Lane placed orders with Yardly or, perhaps more importantly, that Yardly ever agreed to fulfill these orders.

Moreover, because Valley Lane suggests that the total value of these three contracts "was in excess of $50,000," Pl.'s Br. 6, absent any allegation that these contracts were in writing, they would fail under the Statute of Frauds. Given the deficiencies with both the complaint and the proposed amended complaint, we conclude that the district court properly dismissed the tortious interference with contract claim and properly denied Valley Lane's request for leave to amend as futile. *See In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("[W]here amendment would be futile, denial of leave to amend is proper.").

Valley Lane next contends that the district court erred in dismissing its claims for tortious interference with business relations and tortious interference with prospective economic advantage without granting Valley Lane leave to amend. As an initial matter, contrary to Valley Lane's suggestion, tortious interference with business relations and tortious interference with

5

prospective economic advantage are not distinct causes of action.  *See Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008) (noting that tortious interference with business relations is sometimes referred to "by an alternative name, 'tortious interference with prospective economic advantage'").  To state a claim for tortious interference with business relations, a plaintiff must adequately allege that: "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship."  *Id.*

As the New York Court of Appeals observed in *Carvel Corp. v. Noonan*, 3 N.Y.3d 182 (2004), the third element—which requires that a defendant act with a wrongful purpose or utilize wrongful means—distinguishes tortious interference with business relations from tortious interference with contract.  *Id.* at 189-90.  In the case of tortious interference with contract, a plaintiff may recover if she can demonstrate that the "defendant's deliberate interference result[ed] in a breach of [the] contract."  *Id.* at 189.  In the case of tortious interference with business relations, however, the "plaintiff must show more culpable conduct on the part of the defendant."  *Id.* at 190.  "[A]s a general rule," in order to satisfy the third element of tortious interference with business relations, "the defendant's conduct must amount to a crime or an independent tort."  *Id.*  "Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations."  *Id.*  There is, however, at least one exception to the general rule that the defendant's conduct must be criminal or independently tortious.  If the plaintiff can demonstrate that the "defendant engage[d] in conduct 'for the sole purpose of

6

inflicting intentional harm on plaintiffs,'" then the wrongful means element is satisfied. *Id.*

While the *Carvel* court noted the possibility that other exceptions existed, it did not recognize

any additional exceptions:

> [W]e do not decide today[] whether any other exception to the general rule exists—whether there can ever be other instances of conduct which, though not a crime or tort in itself, was so "culpable" . . . that it could be the basis for a claim of tortious interference with economic relations. That is a question we leave for another day, because no such egregious conduct was shown here.

*Id.* at 190-91.

While Valley Lane argues that both the complaint and proposed amended complaint

adequately plead independently tortious conduct by Victoria's Secret, we conclude that Valley

Lane's allegations of independently tortious conduct are woefully inadequate. Valley Lane first

notes that the proposed amended complaint alleges that by "demand[ing] that Valley Lane

provide details on materials, factory costs, and direct factory contact information, camouflaged

as necessary to ensure quality compliance," Victoria's Secret conducted a "raid . . . of

proprietary production data in order for [Victoria's Secret] to eliminate Valley Lane and all of its

future economic opportunity" and thus committed the independent torts of misappropriation of

proprietary information, fraud, and fraud in the inducement. J.A. 70. This allegation alone does

not give rise to the inference that Victoria's Secret committed fraud or otherwise unlawfully

misappropriated proprietary information. Rather, it suggests that Valley Lane voluntarily

supplied Victoria's Secret with its proprietary information upon Victoria's Secret's request.

Valley Lane then contends that, in hiring Valley Lane's shoe designer, Victoria's Secret

committed the tort of fraudulent inducement. However, the proposed amended complaint utterly

fails to allege facts sufficient to plead fraudulent inducement as it only alleges in conclusory

fashion that Victoria's Secret "used deceit, deception and coercion to get what it wanted; including inducing Valley Lane to allow its top designer to join [Victoria's Secret] and demanding Valley Lane reveal its proprietary sourcing and supplier information." J.A. 45. Finally, the proposed amended complaint alleges that Victoria's Secret stole "the value of the enterprise that the families developed over the last quarter century" and thus committed the torts of unjust enrichment and misappropriation of good will. J.A. 38. Again, this conclusory allegation is insufficient to plead tortious conduct.

We further observe that because all of the aforementioned conduct was directed at Valley Lane, rather than Yardly, these allegations could not satisfy the wrongful means element even if they did sufficiently allege tortious conduct. As noted in *Carvel*, "conduct constituting tortious interference with business relations is, by definition, conduct directed *not at the plaintiff itself*, but at the party with which the plaintiff has or seeks to have a relationship." 3 N.Y.3d at 192 (emphasis added). Accordingly, Valley Lane's allegations regarding Victoria's Secret's purportedly tortious conduct also fail because there is no allegation that this conduct—which was undisputedly directed at Valley Lane—proximately caused Yardly to sever its business relationship with Valley Lane. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 171 (2d Cir. 2004) (to prevail on a tortious interference with business relations claim, plaintiff must allege "*both* wrongful means *and* that the wrongful acts were the *proximate cause* of the rejection of the plaintiff's proposed contractual relations") (internal quotation marks omitted).

Valley Lane then argues that even if it does not sufficiently allege independently tortious conduct, to the extent that "egregious conduct" can satisfy the wrongful means element, it has

8

sufficiently alleged that Victoria's Secret engaged in egregious conduct. While the New York Court of Appeals has not yet recognized an egregious conduct exception, *Carvel*, 3 N.Y.3d at 190-91, even if such an exception did exist, we conclude that Valley Lane's allegations of economic pressure are not sufficiently egregious. The proposed amended complaint alleges that Victoria's Secret improperly applied economic pressure on Yardly by indicating that it would not purchase shoes from Yardly unless and until Yardly severed its business relationship with Valley Lane. Threatening to take one's business elsewhere cannot itself constitute extreme economic pressure that would satisfy the wrongful means standard. Given that the factual allegations in the complaint and proposed amended complaint fail to allege that Victoria's Secret acted with a wrongful purpose or utilized wrongful means, the district court properly dismissed the claims for tortious interference with business relations and tortious interference with prospective economic advantage and properly denied Valley Lane's request to amend the complaint as futile.

We have considered Valley Lane's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK