22-1610-cv
Jun Young Lim v. Radish Media Inc., Seung-Yoon Lee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> > *Circuit Judges.*

_____

**Jun Young Lim,**

> *Plaintiff-Appellant,*

> v.

**Radish Media Inc., Seung Yoon Lee,**                    22-1610

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**              JOHN F. OLSEN, Montclair, N.J.

**FOR DEFENDANTS-APPELLEES:**             JAMES D. NELSON, Morgan, Lewis & Bockius LLP, Washington, D.C. (William R. Peterson, Morgan, Lewis & Bockius LLP, Houston, TX; Leni D. Battaglia, Leora Grushka, Morgan, Lewis & Bockius LLP, New York, N.Y., *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and this case is **REMANDED** for further proceedings consistent with this order.

Plaintiff Jun Young Lim is a former employee of Defendant Radish Media Inc. ("Radish"). Plaintiff claims that he was promised an equity interest in Radish as part of his employment agreement but has since been denied payment of his claimed equity. Plaintiff sued Radish and Radish's co-founder and chief executive officer, Defendant Seung Yoon Lee, (together, "Defendants"), bringing claims for declaratory judgment, breach of contract, and unjust enrichment. The district court granted Defendants' motion to dismiss, finding that Plaintiff's claims were all barred by the statute of limitations and otherwise insufficiently pled. The district court also denied leave to amend, finding that amendment would be futile because Plaintiff's claims were barred by the statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.       Motion to Dismiss**

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[W]e

2

may affirm on any basis for which there is sufficient support in the record." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006).

The district court erred in concluding that Plaintiff's claims accrued at the time of his departure from Radish. The court reasoned that "the statute of limitations begins to run when payment is due" and Plaintiff "could have made a demand for [payment of] his equity stake in the company" at the time of his departure. App'x at A-80. A breach of contract claim "accrues at the time of the breach," *Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993), and an unjust enrichment claim accrues "upon occurrence of the wrongful act giving rise to the duty of restitution," *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 520 (2d Cir. 2001). Similarly, a cause of action for declaratory relief accrues when "a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights." *Zwarycz v. Marnia Const., Inc.*, 102 A.D.3d 774, 776 (2d Dep't 2013).[1] Here, the breach, wrongful act, and repudiation all occurred—and the statute of limitations period began to run—when Defendants first refused Plaintiff's "demand[s for] payment of his equity interest." App'x at A-8. Plaintiff's claims may be barred by the statute of limitations, but that cannot be determined from the complaint, which does not allege when Plaintiff's demands were initially refused.

Nevertheless, the district court properly granted dismissal of all of Plaintiff's claims on alternative grounds. First, Plaintiff fails to state a claim for breach of contract. To state a claim for breach of contract, "the complaint must allege: (i) the formation of a contract between the

---

[1] The district court's analysis is also incorrect under California law. *See Cochran v. Cochran*, 56 Cal.App.4th 1115, 1120 (1997) (breach of contract); *Deutsch v. Cook*, No. 119CV00281DADSAB, 2021 WL 5771667, at *3 (E.D. Cal. Dec. 6, 2021) (unjust enrichment); *G&G Prods., LLC v. Rusic*, No. 2:15-CV-02796-RGK-E, 2019 WL 2996498, at *11 (C.D. Cal. June 10, 2019) (declaratory judgment).

3

parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co*., 875 F.3d 107, 114 (2d Cir. 2017) (internal quotations omitted). Plaintiff fails to sufficiently plead the existence of a contract because he does not provide factual allegations regarding, *inter alia*, the formation of the contract, the date it took place, and the contract's major terms, including under what circumstances Plaintiff could demand payment. *See Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019) (*"A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated."); *Posner v. Minnesota Min. & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989) ("In asserting a breach of contract claim, the complaint must plead the terms of the agreement upon which defendant's liability rests."); *see also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012) (summary order). Plaintiff also fails to provide factual allegations concerning the date or manner of breach, alleging only that he "demanded payment of his equity interest" on "several occasions" since June 20, 2016 and Radish "has refused." App'x at A-8.

Second, Plaintiff's breach of contract claim, as pled, is also barred by the statute of frauds. Plaintiff is correct that an at-will employment agreement need not be in writing, even if payment could not be calculated or tendered until after a one-year period. But the oral contract at issue here allegedly entitled Plaintiff to an equity stake in Radish, the first quarter of which vested after one year of Plaintiff's employment and the remainder of which subsequently vested at 1/48 per month until the entire grant was vested. *See* App'x at A-7. It cannot be determined whether this contract

4

can be performed within one year. And Plaintiff's allegations based on email communications cannot satisfy the statute of frauds where, as the district court observed, "the two emails only discuss the number of shares to which [Plaintiff] was purportedly entitled that had vested" without "detail[ing] any other provision of his employment contract." App'x at A-81 to A-82.

Third, Plaintiff's declaratory judgment claim is impermissibly duplicative of his claim of breach of contract. Plaintiff's breach of contract claim would resolve whether Plaintiff had a valid equity interest in Radish and the value of that interest. Plaintiff's declaratory judgment claim was thus correctly dismissed because "no useful purpose would be served in granting [Plaintiff] declaratory relief" where "[t]he issues on which [Plaintiff] seeks declaratory relief . . . necessarily ha[ve] to be decided in the resolution of the breach of contract claims." *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 21-70-CV, 2021 WL 6060710, at *5 (2d Cir. Dec. 20, 2021) (summary order).

Finally, the district court correctly dismissed Plaintiff's claim for unjust enrichment. While the "Statute of Frauds is not an automatic bar to a cause of action for unjust enrichment," a plaintiff cannot recover damages that are "dependent upon an oral agreement otherwise barred by the Statute of Frauds." *RTC Properties, Inc. v. Bio Res., Ltd.*, 295 A.D.2d 285, 286 (1st Dep't 2002). Plaintiff claims the same damages under both his breach of contract claim and claim for unjust enrichment. Plaintiff may not escape the Statute of Frauds by labeling his contract claim "unjust enrichment."

## II. Leave to Amend

The district court found that amendment would be futile because "no set of facts that may be alleged in an amended complaint could cure the complaint's deficiencies" with respect to the

5

statute of limitations. App'x at A-86. But, as explained above, the district court's statute of limitations analysis was erroneous. We thus remand to the district court to determine whether Plaintiff should be permitted to amend or whether amendment should be denied on alternative grounds. *See Turkmen v. Ashcroft*, 589 F.3d 542, 547 (2d Cir. 2009) ("We decline to consider whether plaintiffs should be allowed to replead . . . because, '[i]n the ordinary course, we are accustomed to reviewing a district court's decision whether to grant or deny leave to amend, rather than making that decision for ourselves in the first instance.'" (quoting *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009))).

We have considered all of Plaintiff's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and this case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6