■ MICHAEL P. TIERNEY, Respondent-Appellant, v CAPRICORN INVESTORS, L. P., et al., Appellants-Respondents, et al., Defendant.—Order, Supreme Court, New York County (Joan B. Lobis, J.) entered on or about April 27, 1992, which granted defendants-appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint only to the extent of dismissing the second and fourth causes of action as against said defendants, is unanimously modified on the law, to grant the defendants' motion to dismiss the complaint in its entirety, and otherwise affirmed, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing and severing the action as to them.

Plaintiff, who was formerly employed as an investment banker by non-appealing defendant The Stamford Company, commenced the underlying action for, *inter alia,* breach of contract, non-payment of an agreed-upon wage and fraudulent inducement. He seeks to recover the additional sum of $158,263 which he alleges is due and owing as a bonus from the defendants pursuant to an employment agreement between himself and Stamford, and pursuant to an alleged oral agreement wherein the plaintiff would be paid the additional bonus as a result of his having worked on a particular project known as the MITI-Mexico Financing, which involved the arrangement of a loan of at least two hundred million dollars.

Until December 30, 1990, when his employment was terminated, plaintiff was employed as an investment banker by defendant Stamford, pursuant to a three-year Employment Agreement, which provided the plaintiff a salary "at an annual rate of no less than $100,000; for the periods of 1989 and 1990, *pro rata* based upon the number of days during those years that you are employed", and which, provided the

plaintiff with a guaranteed bonus of "an additional guaranteed amount of no less than $300,000 per annum", reduced by certain set-offs, if the plaintiff worked through to the end of 1990.

In addition, although the Agreement guaranteed the plaintiff a bonus of "no less than $300,000 per annum", the Agreement included a specific mechanism for increasing the plaintiff's bonus beyond the $300,000 figure from a "bonus pool" derived from Stamford's before-tax earnings.

Moreover, a non-competition agreement, executed by the plaintiff, specifically provided, *inter alia,* that: "This letter and Employment Letter sets forth our entire understanding in respect to the subject matter contained herein * * * and may only be amended by a written agreement signed by Stamford Capital and you."

In 1990 there was a change in ownership and in accordance with the plaintiff's Employment Agreement, plaintiff was given written notice of the termination of his employment, effective December 30, 1990. The plaintiff continued to perform pursuant to the Agreement through the end of December, 1990, and thereafter received his $100,000 salary for 1990 as well as a $300,000 bonus pursuant to the terms of the Agreement.

Nevertheless, plaintiff commenced the underlying action against the defendants seeking to recover as additional compensation 10.67% of a fee allegedly received by an entity known as Ecoban, an affiliate of Stamford, in connection with the MITI-Mexico transaction, involving the arrangement of a loan of at least two hundred million dollars by certain Japanese corporations to the national foreign trade bank of Mexico known as BancoMex. The plaintiff alleged that the defendants had willfully and wrongfully refused to pay him an additional bonus of $158,263 which was allegedly due and owing to the plaintiff on June 30, 1991 in accordance with an alleged oral agreement.

The IAS Court granted the defendants' dismissal motion pursuant to CPLR 3211 (a) (7) only to the extent of dismissing the plaintiff's second and fourth causes of action for fraud and quantum meruit relief, while declining to dismiss the balance of the complaint.

Plaintiff's first cause of action for breach of contract seeking to recover compensation over and above the compensation set forth in the Employment Agreement, cannot be sustained. Plaintiff's contention that the Employment Agreement ex-

pressly contemplated the payment to him of an additional bonus at mid-year of 10.67% of the fee received by the defendants in connection with the MITI-Mexico transaction is inconsistent with the terms of that Agreement. It specifically provides that there are only two components of the plaintiff's bonus, a guaranteed minimum of $300,000, which the plaintiff admittedly received upon his termination, and possible participation in a "bonus pool", derived from defendant Stamford's before-tax earnings, if any.

Moreover, the Employment Agreement itself specifically provides that it can be changed or modified only by a signed writing. When a written contract provides that it can only be changed by a signed writing, an oral modification of that agreement, as here, is not enforceable (General Obligations Law § 15-301 [1]; *Goodyear Publ. Co. v Mundell,* 75 AD2d 556).

Further, the limited exceptions to the requirement of a written modification, i.e., partial performance or estoppel, are not present herein. Partial performance, in order to excuse the absence of a writing, must be "unequivocally referable" to the alleged modification *(Rose v Spa Realty Assocs.,* 42 NY2d 338, 345). Plaintiff's performance here, however, would be equally consistent with his desire to continue to earn his compensation under the written Employment Agreement, as with the alleged oral modification. In addition, the doctrine of equitable estoppel does not apply on the facts herein. For such estoppel, the conduct relied upon to excuse the requirement of a written modification "must not otherwise be compatible with the agreement as written" *(supra,* at 344). Plaintiff's alleged reliance, in continuing his employment, consisted of nothing more than what the written agreement required him to do, and for which he was paid $400,000 in 1990.

Even if the alleged oral agreement is considered a superseding agreement or novation, there was a failure by plaintiff to show adequate consideration. Neither a promise to do that which the promisor is already bound to do, nor the performance of an existing legal obligation constitutes valid consideration *(see, Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521, 529, *appeal dismissed* 47 NY2d 951).

Accordingly, plaintiff's first cause of action for breach of contract should have been dismissed.

The IAS Court properly dismissed the plaintiff's second cause of action for fraudulent inducement as entirely duplicative of the plaintiff's breach of contract claim. A cause of action for fraud does not arise when the only fraud charged

relates to a breach of contract *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637).

Similarly, the IAS Court erred in refusing to dismiss the third cause of action, which alleged that the defendants' failure to pay additional compensation to the plaintiff in connection with the MITI-Mexico transaction constituted a willful failure to pay wages under Labor Law § 190 *et seq.* The plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages.

However, the IAS Court properly dismissed the plaintiff's fourth cause of action seeking quantum meruit relief since it is impermissible to seek damages under a quantum meruit theory where, as here, there is an express written contract between those parties *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389). The Employment Agreement expressly covers the subject matter of the plaintiff's bonus and the plaintiff affirmatively alleged that the Agreement expressly provides for the payment of the additional bonus sought in the underlying action. Thus, recovery under a quantum meruit theory seeking to recover that bonus is precluded.

Finally, plaintiff's fifth cause of action seeking recovery based upon a theory of promissory estoppel should also have been dismissed. The plaintiff made only a conclusory allegation that he relied to his detriment on the defendants' representations and failed to allege an essential element of a promissory estoppel, i.e., that the alleged reliance resulted in some " 'prejudicial change in his position' " *(BWA Corp. v Alltrans Express,* 112 AD2d 850, 853). The undisputed facts are that while plaintiff continued his performance under the Employment Agreement, he continued to earn his $100,000 salary and continued to remain eligible for the $300,000 bonus stipulated to in the Agreement, which was admittedly paid. Concur—Murphy, P. J., Carro, Rosenberger, Asch and Kassal, JJ.