■ BENJAMIN GUREWITZ, Appellant, v HUNT PROPERTY SER-

VICES, INC., Respondent. [617 NYS2d 198] —In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 13, 1992, which, after a nonjury trial, dismissed his complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a real estate salesperson who brought a large commercial property into the defendant brokerage firm as an open listing, contends that he made an oral contract with the defendant in a conversation on December 18, 1987, during which he agreed, *inter alia,* not to interfere with the defendant's marketing of the property in exchange for one-third of any commission the defendant might earn from consummating a lease of the property. However, the transcript of the taped conversation which the plaintiff claims confirmed the agreement between the parties does not reveal an agreement by the plaintiff to forego any involvement in the leasing process as required. Rather, the plaintiff consistently repeated his desire to be involved, and, at one point, insisted on it. Moreover, a draft agreement prepared by the plaintiff, which purported to reflect the understanding reached by the parties on December 18, 1987, did not provide that the plaintiff would remain uninvolved. He admitted on cross-examination that "[w]e never completed that point" during the meeting of December 18, 1987. He further admitted that all he offered during the meeting was his services, which were rejected. When asked, "so the bottom line is, whatever you offered was rejected, wasn't it?", he answered, "Yes". When asked whether he ever agreed to the defendant's unequivocal statement that he did not want the plaintiff on the scene, the plaintiff answered, "No". Nor did the plaintiff prove performance unequivocally referable to the alleged agreement. Although the plaintiff testified that after the meeting of December 18, 1987, he took no further action because the defendant had asked him not to, he admitted, during his examination before trial, that in October 1988, he contacted the client for another brokerage house.

Upon a review of the documentary and testimonial evidence *(see, Marren v State of New York,* 142 AD2d 717), we agree with the trial court that the plaintiff failed to meet his burden of proving the existence of an enforceable agreement requiring the defendant to pay a commission, because he provided no consideration for such an agreement *(see, Tierney v Capricorn Investors,* 189 AD2d 629; *Anchor Sav. Bank v Republic-*

*bank Dallas*, 156 AD2d 620; *compare, Hamer v Sidway*, 124 NY 538) and because there was no meeting of the minds *(see, Scheck v Francis*, 26 NY2d 466). Accordingly, we affirm.

The plaintiff accurately contends that the trial court erred in finding that he did not raise the issue of non-interference as consideration prior to his summation, but this does not warrant reversal in view of our finding that there was, in fact, no oral agreement. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.