■ EDMUND F. TAYLOR, Respondent, v BLAYLOCK & PARTNERS, L.P., Appellant. [659 NYS2d 257] —Order and judgment of the Supreme Court, New York County (Emily Jane Goodman, J.), entered January 23, 1997 and January 29, 1997, respectively, which granted plaintiff's motion for summary judgment, severed that portion of the third cause of action seeking computation of damages, costs, liquidated damages and attorneys' fees under Labor Law § 198 and referred the matter to a Referee for determination, and awarded plaintiff $41,594.63 on the first two causes of action, unanimously reversed, on the law, without costs, the motion denied, the matter remanded for further proceedings as to the first and second causes of action, and the third cause of action dismissed.

Pursuant to a written contract, plaintiff Edmund F. Taylor was employed as co-director/managing director of defendant's structured real estate finance group commencing May 8, 1995. The contract provides that plaintiff will receive a salary of $125,000 per year, vacation time of four weeks a year and other employee benefits. The agreement further provides that it can be terminated at any time upon written notice by either party and that it can be modified only in a writing signed by the parties.

Plaintiff seeks to recover salary of $31,250 and benefits due under the contract, including $6,442.32 in accrued vacation pay, together with attorneys' fees pursuant to Labor Law § 198 for defendant employer's allegedly willful failure to pay his salary. Plaintiff alleges that he left the firm on January 25, 1996 because he had received no salary since October 1995. In opposition to plaintiff's motion for summary judgment, Blaylock & Partners, L.P. contends that, because the poor performance of the real estate finance group caused the firm to expe-

rience financial difficulty, plaintiff and others agreed to work without compensation, receiving only employee benefits for the period subsequent to October 1995. Supreme Court awarded summary judgment to plaintiff, holding that the work he performed without compensation is not unequivocally referable to the oral modification alleged by defendant, citing this Court's decision in *Tierney v Capricorn Investors* (189 AD2d 629, *lv denied* 81 NY2d 710).

At issue is whether defendant has set forth sufficient facts to raise the issue of oral modification, specifically with respect to the contractual requirement for the payment of salary. Generally, a party to a written agreement may orally waive enforcement of one of its terms despite a provision to the contrary (*Alside Aluminum Supply Co. v Berliner*, 32 AD2d 731). Waiver may be demonstrated by words or conduct, including full or partial performance and equitable estoppel (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344). Where the modified contract is not fully performed, the parties must comply with General Obligations Law § 15-301 unless their conduct is "unequivocally referable to the oral agreement to modify" (*Rose v Spa Realty Assocs., supra*, at 345), that is to say, "not compatible with any option in the written agreement" (*supra,* at 345).

Supreme Court's reliance on *Tierney v Capricorn Investors* (*supra*) is misplaced because, although the contract in that case was fully performed, the alleged modification was unsupported by consideration (*Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183-184, *rearg denied* 57 NY2d 674). The contract provided for the payment of salary and a bonus of no less than $300,000. The employee, who had received the maximum bonus, claimed an additional bonus pursuant to an alleged oral modification. We held that, in claiming the additional bonus, the employee purported to do no more than he was already obliged to do under the written contract *(Tierney v Capricorn Investors, supra,* at 631, citing *Federal Deposit Ins. Corp. v Hyer*, 66 AD2d 521, 529, *appeal dismissed* 47 NY2d 951), rendering illusory any promise in support of the employer's enhanced obligation under the asserted modification (*Strong v Sheffield*, 144 NY 392 [promise to do no more than one is contractually or legally obligated to do is illusory]; *see also, IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 453).

In the instant matter, it is undisputed that plaintiff worked for three months without receiving a paycheck and that defendant continued to pay his overhead and benefits during this

time period, in compliance with the alleged oral agreement. It is clear that plaintiff gave consideration for the modification by forgoing his salary. However, because plaintiff's employment was terminable at will, defendant can also be said to have given consideration by forgoing its right of termination under the contract (*Hamer v Sidway*, 124 NY 538 [forbearance from exercising a right constitutes consideration]).

If the contract in this matter has been fully performed, the need to avoid false claims by barring parol evidence is eliminated. "Once executed, the oral modification may be proved" (*Rose v Spa Realty Assocs., supra,* at 343). If it has only been partially performed as the result of defendant's failure to pay the compensation promised, the question is whether plaintiff's conduct in working for benefits only and defendant's conduct in not terminating his employment " 'are acts of part performance which go along with, relate to, and confirm the agreement, and which were clearly done in part execution thereof, and thus with the parol evidence establish the existence of the agreement' " (*Bright Radio Labs. v Coastal Commercial Corp.*, 4 AD2d 491, 494, *affd* 4 NY2d 1021, quoting *Wheeler v Reynolds*, 66 NY 227, 231-232). Or, as the Court of Appeals stated it in *Rose v Spa Realty Assocs.* (*supra,* at 343), "if the only proof of an alleged agreement to deviate from a written contract is the oral exchanges between the parties, the writing controls." In support of the asserted modification, defendant herein submitted affidavits from its officers and from the other co-director of the real estate finance group confirming that an oral modification was entered into by the parties, to which plaintiff never objected (*see, Sarcona v DeGiaimo*, 226 AD2d 1143). Another of defendant's employees stated that plaintiff checked with her to make sure that his employee benefits would still be available although no salary was being paid. Therefore, the available evidence goes well beyond the exchanges between the parties to the written employment contract.

There is no merit to plaintiff's claim that defendant was required to plead partial or complete performance of an oral modification of the employment contract. There is no express or implied requirement to plead such a defense (CPLR 3018 [b]); defendant pleaded breach of contract, laches, and both equitable and promissory estoppel; and the answer sets forth a sufficient recitation of defendant's position to avoid surprise (*ibid.; see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra,* at 183 [a defense established by the papers, though unpleaded, warrants denial of summary judgment]). Therefore,

defendant has raised an issue of fact requiring trial (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [factual question as to waiver of contractual provision barring assignment]).

Supreme Court also erred in awarding plaintiff summary judgment on his second cause of action seeking payment for unused vacation time. According to the company's written policy, "Vacation time not taken in one calendar year cannot be carried forward into the next calendar year". Because it is uncertain whether plaintiff accrued any vacation time during the 26-day period he worked in 1996, an issue of fact exists with respect to what payment, if any, is due.

A claim for attorneys' fees predicated on Labor Law § 198 "is limited to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6" (*Gottlieb v Laub & Co.*, 82 NY2d 457, 459), which excludes salary claimed by an executive (*Cohen v Fox-Knapp, Inc.*, 226 AD2d 207, 207-208). Nothing in the asserted modification of the contract effects any change in plaintiff's status. His contention that he was nothing more than a commissioned salesperson is inconsistent with his title and with the contract he signed. Therefore, upon searching the record (CPLR 3212 [b]), this Court concludes that plaintiff's third cause of action is beyond the scope of Labor Law § 198 and must be dismissed. Concur—Rosenberger, J. P., Wallach, Rubin, Williams and Andrias, JJ.