■ RALPH J. SORRENTINO, Respondent-Appellant, v BOHBOT ENTERTAINMENT AND MEDIA, INC., et al., Appellants-Respondents. [697 NYS2d 263] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered December 23, 1998, in favor of plaintiff and against defendants in the amount of $2,024,848; order, same court and Justice, entered on or about December 23, 1998, which denied defendants' posttrial motion to set aside the verdict and deemed the second amended complaint further amended to seek damages for conversion of stock; and order, same court and Justice, entered September 11, 1998, which granted defendants' motion to dismiss various causes of action, unanimously affirmed, with costs.

Plaintiff, formerly the chief operating officer and president of defendant corporation, alleged that he was demoted and then terminated by defendants in retaliation for actions he took or information he provided during the course of an internal company investigation of sexual harassment claims by another employee.

Defendants did not ask the trial court to instruct the jury to determine whether or not plaintiff was engaged in "protected activity" that would invoke the protections of the State Human Rights Law (Executive Law § 296 [1] [e]) and the City Human Rights Law (Administrative Code of City of NY § 8-107 [7]), and therefore submitted the issue to the trial court, either to make express findings or to be deemed to have made a finding in accordance with the judgment (CPLR 4111 [b]). Plaintiff's actions of encouraging the co-employee to bring her sexual harassment claim to the company, and his subsequent statements relaying what he knew of the claims, constituted "opposition" to practices forbidden by both the State and City Human Rights Laws, and therefore were actions protected against retaliatory employment practices (*see, Berg v La Crosse Cooler Co.*, 612 F2d 1041, 1045; *Tuthill v Consolidated Rail Corp.*, 1997 US Dist LEXIS 13304, *11, 1997 WL 560603, 4 [ED Pa, Aug. 26, 1997, Shapiro, J.]; *Buzzi v Gomez*, 62 F Supp

2d 1344, 1354, n 6). The jury's finding that defendants had in fact demoted and terminated plaintiff was not against the weight of the evidence.

The admission of the allegedly harassed employee's claim letter setting forth her specific allegations of the harassment was not so prejudicial as to taint the proceedings and require a new trial. The notes of the company's attorney contained merely the same information, and defendants' hearsay claim is both unpreserved and without merit.

Having prevailed on their motion to dismiss the derivative causes of action on the ground that plaintiff is no longer a shareholder, defendants cannot now be heard to maintain that he continuously owned the 112,500 shares he had acquired under a 1992 stock option agreement. Nor does the fact that defendants offered $12,787.50 for the shares render the finding of conversion erroneous. That was not the fair market value of the shares, and defendants were required to pay fair market value under plaintiff's employment agreement if they terminated him without cause. Defendants cite no prejudice flowing from the court's "deeming" the second amended complaint, which had sought a declaration that plaintiff owned the stock and the value of the stock, further amended (CPLR 3025) to seek damages for the conversion. The evidence supported the court's finding that defendants refused to honor plaintiff's stock options under a 1995 stock option agreement, and to the extent he still holds the options, he may be deemed to have exercised them.

Plaintiff's second cause of action for attorneys' fees and liquidated damages under Labor Law § 198 (1-a) was properly dismissed, since the statute does not apply to common-law contractual remuneration claims by an executive (see, Gottlieb v Laub & Co., 82 NY2d 457; Taylor v Blaylock & Partners, 240 AD2d 289, 292).

Plaintiff did not offer any proof of reputation damages, or demonstrate a pattern of conduct aimed at the public generally necessary to an award of punitive damages (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 316), and the court therefore properly refused to charge the jury on those issues.

We have considered the parties' other arguments for affirmative relief and reject them. Concur—Ellerin, P. J., Rosenberger, Williams, Wallach and Andrias, JJ.