■ I.A. ALLIANCE, LTD., Appellant, v NORMAN KATZ, Respondent. [759 NYS2d 656] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered June 24, 2002, insofar as appealed from as limited by the briefs, dismissing plaintiff's cause of action for breach of contract pursuant to an order, same court and Justice, entered May 9, 2002, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Defendant entered into a written agreement to sell his 50% interest in plaintiff corporation to plaintiff's other 50% shareholder for a price equal to 50% of plaintiff's net worth. The valuation required the services of an accountant. Plaintiff alleges that its two shareholders had previously orally agreed to equally share in the anticipated fee of the accountant by placing a specified reserve on its books that would be reflected in the valuation; that they realized that the reserve was insufficient about two weeks after the closing; and that they then entered into a second oral agreement to equally pay the amount of the fee in excess of the reserve. Assuming such second oral agreement was not prohibited by the written purchase agreement, it is a modification of the first oral agreement that cannot be enforced absent new consideration (see Tierney v Capricorn Invs., 189 AD2d 629, 631 [1993], lv denied 81 NY2d 710 [1993]). There being no allegations of new consideration in plaintiff's complaint, opposition papers or cross motion to amend the complaint, the action was properly dismissed. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.