Gangel-Jacob, J. (dissenting).
This holdover proceeding is based upon claims that tenant violated a substantial obligation of the tenancy by making unauthorized alterations, i.e., enclosing the subject apartment’s terrace with screens. Tenant alleged that she had notified landlord in writing of her intent to install the screen and that landlord, through its managing agent, orally agreed to the alteration.
*50 The lease agreement expressly prohibited tenant from making any alterations to the apartment without landlord’s written consent. Additionally, the lease provided that only a written agreement between the parties could waive any violation of the lease. Tenant maintained that landlord waived the written consent requirement and, moreover, was estopped from insisting upon permission in writing.
The trial court, without making any specific credibility findings, concluded that tenant failed to establish a waiver of the written consent requirement since the statements of landlord’s agent, as recounted by tenant, could be construed as a “general statement of [landlord’s] policies towards alterations as easily as they could be construed as granting permission to proceed on a specific request with no further formalities.”
The authority of an intermediate appellate court to review a record is as broad as that of the trial court (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]), particularly where, as here, the trial court’s decision contains no express credibility findings. The record does not support the court’s conclusion that landlord did not orally waive the written permission requirement in the lease’s alteration clause. “[A] party to a written agreement may orally waive enforcement of one of its terms despite a provision to the contrary . . . Waiver may be demonstrated by words or conduct, including full or partial performance and equitable estoppel” (Taylor v Blaylock & Partners, 240 AD2d 289, 290 [1997] [citation omitted]).
Tenant’s evidence established that when she sought to install the screen, her contractor was stopped by building personnel and directed to contact landlord’s then managing agent, Gloria Huachamber, who indicated that while she had no objection to the screening of the terrace, tenant had to request permission in writing and provide proof that the contractor was insured. Tenant testified, without any direct refutation, that she promptly submitted a written letter formally requesting permission to install the screen and a copy of the contractor’s certificate of insurance, which described the work to be performed as “screen enclosure apt. 12B,” and named landlord and its managing agent as the certificate holder. Both the letter and insurance certificate were introduced into evidence. Once tenant spoke to Huachamber and allegedly obtained oral permission for the alteration, the contractor was allowed to install the screen without further objection from the managing agent and/or building personnel.
*51 Landlord’s evidence consisted solely of its general policies concerning screened terraces. Notably, neither Huachamber nor any other witness was produced by landlord to contradict tenant’s testimony that she obtained express consent, albeit oral, from Huachamber to install the screen. Landlord relied solely on the testimony of its current managing agent, who had no personal knowledge as to whether her predecessor consented to the installation of the screen on plaintiffs terrace.
On this record, I find that tenant established by a preponderance of the evidence that the managing agent knowingly acquiesced to the alteration, thus voluntarily and intentionally waiving the written permission requirement, and further, that tenant detrimentally relied upon the managing agent’s conduct, which was not compatible with the lease agreement as written (see Rose v Spa Realty Assoc., 42 NY2d 338, 344 [1977]). Contrary to the majority’s view, the nonwaiver and merger clauses of the parties’ lease are no bar to waiver because “a contractual provision against oral modification may itself be waived” (Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC, 30 AD3d 1, 6 [2006], quoting Rose v Spa Realty Assoc., 42 NY2d at 343).
The final judgment awarding possession to landlord should be vacated and the petition dismissed.
McKeon, EJ., and Schoenfeld, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.