Maynor v Millennium Med. Staffing (2022 NY Slip Op 01970)





Maynor v Millennium Med. Staffing


2022 NY Slip Op 01970


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 35483/19E Appeal No. 15549 Case No. 2021-03362 

[*1]Tanya Maynor et al., Plaintiffs-Respondents,
v
Millennium Medical Staffing et al., Defendants-Appellants.


FordHarrison LLP, New York (Jeffrey A. Shooman of counsel), for appellants.
The Law Office of Delmas A. Costin, Jr., Bronx (Delmas A. Costin, Jr. of counsel), for respondents.



Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered on or about March 1, 2021, which denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiffs, employees of defendant Millennium Medical Staffing who were provided to clients of Millennium as consultants, allege that defendants violated Labor Law article 6 and breached their contractual obligation to pay plaintiffs commissions. Defendants failed to show that the complaint should be dismissed.
While plaintiff Tanya Maynor signed a release unambiguously waiving her right to the claimed commissions, the complaint alleges facts that may establish that the release should be invalidated (see generally Centro Empresarial Cempresa S.A. v America Movil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
The complaint states causes of action for breach of contract and for violations of the Labor Law (see Tierney v Capricorn Invs., 189 AD2d 629, 632 [1st Dept 1993], lv denied 81 NY2d 710 [1993]). Contrary to defendants' contention, the complaint adequately alleges a contractual obligation entitling plaintiffs to their claimed commissions and to their claimed method for calculating commissions. It alleges that defendants "agreed to compensate Plaintiffs based on commission" and that the commission was to be based on "net profits" after the deduction of expenses such as payroll taxes. It would be reasonable to expect payroll tax deductions to be based on the hourly rates paid to plaintiffs, the consultants, rather than on the (higher) rates received by Millennium from the clients.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022