Capstone Business Funding, LLC v Shames Constr. Co., Ltd. (2022 NY Slip Op 03439)





Capstone Business Funding, LLC v Shames Constr. Co., Ltd.


2022 NY Slip Op 03439


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 651801/19 Appeal No. 16021 Case No. 2021-03313 

[*1]Capstone Business Funding, LLC, Plaintiff-Appellant,
v
Shames Construction Company, Ltd., Defendant-Respondent.


Crowell & Moring LLP, New York (Gary A. Stahl of counsel), for appellant.
Olshan Frome Wolosky LLP, New York (Scott Shaffer of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered February 18, 2021, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.
Under Uniform Commercial Code § 9-404(a), "Unless an account debtor [defendant in the case at bar] has made an enforceable agreement not to assert defenses or claims, . . . the rights of an assignee are subject to . . . all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract." The question here is whether the estoppel letters signed by defendant are enforceable agreements not to assert defenses or claims against plaintiff.
Plaintiff's reliance on Simmons-Grant v Quinn Emanuel Urquart & Sullivan, LLP (116 AD3d 134 [1st Dept 2014]) to argue that the California court decision dismissing defendant's action against plaintiff and plaintiff's assignor, nonparty MEP Nationwide, LLC, collaterally estops defendant from arguing that the letters are unenforceable is unavailing. Simmons-Grant involved "a strictly factual question not involving application of law to facts or the expression of an ultimate legal conclusion" (id. at 140). By contrast, the question of whether a document is an enforceable contract is a legal conclusion.
Furthermore, collateral estoppel should not be applied mechanically (see e.g. Simmons v Trans Express Inc., 37 NY3d 107, 112 [2021]). Even though the estoppel letters are governed by New York law, the California court applied California law to decide if they were supported by consideration. This does not comport with the societal interest in accurate results (see id.), because California and New York law apparently differ on this point.
In New York, "[a] promise to perform an existing legal obligation is not valid consideration to provide a basis for a contract" (Goncalves v Regent Intl. Hotels, 58 NY2d 206, 220 [1983]; see also e.g. Tierney v Capricorn Invs., 189 AD2d 629, 631 [1st Dept 1993], lv denied 81 NY2d 710 [1993]). If MEP had been properly licensed, defendant would have been under an existing legal obligation to pay MEP's invoices at the time of the estoppel letters. Defendant received no benefit from the estoppel letters; it signed them solely as an accommodation to MEP, its subcontractor.
To be sure, consideration is not the only factor in deciding whether an estoppel letter is valid; the other factor is detrimental reliance (see Hammelburger v Foursome Inn Corp., 54 NY2d 580, 587 [1981]; see also e.g. Capstone Bus. Funding, LLC v Optimum Constr., Inc., 134 AD3d 471 [1st Dept 2015]). However, according to the admissible evidence in this case, plaintiff did not detrimentally rely on defendant's estoppel letters.
Even if the estoppel letters were enforceable, plaintiff would still not be entitled to attorneys' fees. The attorneys' fee provision is not [*2]in the estoppel letters; rather, it is in a document titled "New Account Fact Sheet." Defendant received no consideration for signing the fact sheet, and there is no reason to apply the law regarding the estoppel letters to the fact sheet.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022